**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DIQRON LAMAR MASK, a/k/a Jizzle
Tramp,

    Defendant - Appellant.

No. 21-6076
(D.C. No. 5:20-CR-00177-J-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT*

_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Petitioner Diqron Lamar Mask appeals his sentence, asserting that the district

court incorrectly calculated the sentencing guidelines range based on an improper

definition of "controlled substance."  Exercising jurisdiction under 28 U.S.C. § 1291

and 18 U.S.C. § 3742, we affirm.

I.

Oklahoma City police arrested Petitioner after responding to a rollover

accident and discovering a loaded, stolen firearm in his vehicle.  A federal grand jury

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

indicted Petitioner for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He pleaded guilty in February 2021.

The presentence investigation report ("PSR") assigned Petitioner a base offense level of 20 for a prior controlled substance conviction under U.S.S.G. § 2K2.1(a)(4)(A).  Petitioner received a two-point increase under § 2K2.1(b)(4)(A) for possession of a stolen firearm but a three-point reduction under § 3E1.1 for acceptance of responsibility and assisting authorities, resulting in a total offense level of 19.  The PSR calculated Petitioner's criminal history score as nine under U.S.S.G. §§ 4A1.1 and 4A1.2.  He received five points for prior convictions and two points for commission of the instant offense while under a deferred sentence for burglary and suspended sentence for possession of a firearm and a controlled substance with intent to distribute.  This score yielded a criminal history category of IV and a recommended sentencing range of 46–57 months.

Petitioner objected to his base offense level and argued, as he does on appeal, that his prior conviction for possession of a controlled substance does not qualify as a "controlled substance offense" under U.S.S.G § 4B1.2(b).  So, he argues, his base offense level should have been 14 with a sentencing range of 18–24 months.  Petitioner also filed a sentencing memorandum that the district court construed as a motion for downward variance.  The court adopted the PSR without change, but granted the downward variance due to Petitioner's age, remorse, and "lack of youthful guidance."  It issued a sentence of thirty-six months' imprisonment with

three years' supervised release.  Petitioner argues on appeal that the district court incorrectly calculated his sentencing range and committed procedural error.

## II.

We review the district court's sentence for an abuse of discretion.  United States v. Lente, 647 F.3d 1021, 1030 (10th Cir. 2011).  In evaluating a sentencing court's alleged procedural error in calculating or explaining a sentence, we review the court's legal conclusions de novo and its factual findings for clear error.  United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008).

Petitioner argues a U.S.S.G. § 4B1.2(b) controlled substance offense only includes the federal definition of controlled substance set forth in Section 102 of the Controlled Substances Act.  See 21 U.S.C. § 802.  He relies on our reasoning in United States v. Cantu, 964 F.3d 924 (10th Cir. 2020).  Petitioner recognizes our holding in United States v. Jones, 15 F.4th 1288 (10th Cir. 2021), forecloses his argument, but appeals "[i]n the event the law changes."

We held in Jones that § 4B1.2(b), by its plain language, "necessarily applies to and includes state-law controlled-substance offenses."  15 F.4th at 1292.  Petitioner pleaded guilty in 2018 to possession of a controlled substance with intent to distribute, a state-law controlled-substance offense, and received a seven-year sentence "with all suspended except 6 months."  The PSR and the district court properly considered this a "controlled-substance offense" for purposes of § 4B1.2(b) and appropriately assigned Petitioner a base offense level of 20.  The district court relied on a correctly calculated PSR, considered the sentencing guidelines and 18

3

U.S.C. § 3553(a) factors, and granted Petitioner a downward variance, sentencing him to ten months fewer in prison than the minimum recommended by the guidelines range. We find no procedural error in the district court's sentence calculation and determine it did not abuse its discretion in calculating Petitioner's sentence.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge